LAMCO, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; PAUL L. ANSPACH and HELEN ANSPACH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lamco, Inc. v. Commissioner
Docket Nos. 9791-76, 7308-77.
United States Tax Court
T.C. Memo 1981-334; 1981 Tax Ct. Memo LEXIS 406; 42 T.C.M. (CCH) 261; T.C.M. (RIA) 81334; June 29, 1981
Paul L. and Helen Anspach, pro se. [1]
Jerome Borison, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: In these consolidated cases respondent has determined deficiencies in petitioners' Federal income tax as follows: Additions
Docket
to tax
Petitioner
No.
Year
Deficiency
(sec. 6653(a)) [2]
Paul L. Anspach
7308-77
1973
$ 185,637
$ 9,282
and Helen Anspach
Lamco, Inc.
9791-76
1973
58,211
0
1974
152,582
0
*407 The sole issue for decision is whether the Internal Revenue Service and the Tax Court have jurisdiction to determine income taxes and penalties owed by the petitioners under the income tax laws. FINDINGS OF FACT All of the facts have been stipulated and are so found. Paul L. and Helen Anspach (hereinafter petitioners) resided in Sonora, California, at the time they filed their petition herein. They timely filed their joint Federal income tax return for 1973 with the Internal Revenue Service Center at Fresno, California. Lamco, Inc. (hereinafter the corporation) was a corporation with its principal place of business in Carson City, Nevada, at the time its petition herein was filed. It timely filed its Federal corporate income tax returns for 1973 and 1974 with the Internal Revenue Service Center at Ogden, Utah. On July 30, 1976, the Internal Revenue Service (hereinafter the IRS) issued a statutory notice of deficiency to the corporation redetermining its taxes for 1973 and 1974. On November 1, 1976, the *408 corporation filed a petition with the United States Tax Court as a result of said notice. On April 11, 1977, the IRS issued a statutory notice of deficiency to the petitioners redetermining their taxes for 1973. On July 8, 1977, the petitioners filed a petition with the United States Tax Court as a result of said notice. OPINION The parties have reached agreement on all substantive issues involved in the tax returns filed by the petitioners and the corporation, and the statutory notices related thereto. The only issue remaining is whether the IRS and this Court have jurisdiction to determine taxes and penalties owed by the corporation and the petitioners. The parties have agreed in the stipulation of facts that if the IRS and this Court are found to have the necessary jurisdiction then the deficiencies and additions to tax are as follows: Docket
Additions to tax
Petitioner
No.
Year
Deficiency
(sec. 6653(a))
Paul L. Anspach
7308-77
1973
$ 37,659
$ 1,883
and Helen Anspach
Lamco, Inc.
9791-76
1973
0
0
1974
0
0
Petitioners contend that this Court and the IRS lack jurisdiction over the instant matter. All of petitioners' *409 arguments are the type of frivolous so-called "constitutional" claims commonly asserted in "tax protester" cases and consistently rejected in this and other courts. See ; and cases cited therein. It is perfectly clear that when a taxpayer receives a statutory notice of deficiency and he files a timely petition with the United States Tax Court, he gives this Court exclusive jurisdiction. See secs. 6512(a), 7442, 6213(a), 6214(a). See also . For IRS jurisdiction to assert a deficiency, see section 6212. There is no question of the constitutionality of these provisions. See generally, . To reflect the foregoing, Decisions will be entered in accord with the parties' stipulation. Footnotes
1. Counsel for the petitioners was granted leave to withdraw at the time of submission of the instant case. No other counsel has appeared on behalf of the petitioners after that time; however, the petitioners in docket No. 7308-77 submitted briefs on their own behalf.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩